Harry R. JACKSON, Jr.,
et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA,
et al., Defendants.

Civil Action No. 10–338 (RWR).

United States District Court,
District of Columbia.

March 3, 2010.

David R. Nimocks, Alliance Defense Fund, Washington, DC, for Plaintiffs.

### *MEMORANDUM OPINION AND ORDER*

RICHARD W. ROBERTS, District Judge.

The Religious Freedom and Marriage Equality Act of 2009 ("RFMEA") expands the definition of marriage to same-sex couples in the District of Columbia. The D.C. Charter provides that legislation enacted by the D.C. Council may be blocked if a sufficient number of voters request a referendum on the issue, but the D.C. Board of Elections, D.C. Superior Court, and D.C. Court of Appeals denied plaintiffs' request for a referendum on the grounds that the referendum would violate the District of Columbia Human Rights Act. The RFMEA is set to go into effect on March 3, 2010, at which point the plaintiffs will lose any right to pursue the referendum. The plaintiffs filed a motion for a temporary restraining order in Superior Court, which was denied, and the plaintiffs' appeal to the D.C. Court of Appeals and application for stay to the Supreme Court have been denied. The plaintiffs have filed this separate claim, arguing that they are entitled, under the Due Process Clause, to a full and complete hearing on the merits of their claim in Superior Court before the RFMEA takes effect and have filed a motion for a temporary restraining order to stay the effective date of the RFMEA. Because the plaintiffs have not demonstrated that they will suffer irreparable harm in the absence of preliminary relief or that they are likely to succeed on

their claim on the merits, the motion for a temporary restraining order will be denied.

## DISCUSSION

■ To obtain preliminary injunctive relief, a plaintiff must show that "[1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, — U.S. —, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). The court must balance the four factors, evaluating them on a "sliding scale." *Davis v. Pension Ben. Guar. Corp.*, 571 F.3d 1288, 1291–92 (D.C.Cir.2009). "A court may deny a plaintiff's application for a temporary restraining order or preliminary injunction without first providing a hearing on the merits when the record is sufficient to demonstrate a lack of right to relief." *National Propane Gas Ass'n v. U.S. Dep't of Homeland Sec.*, 534 F.Supp.2d 16, 18 (D.D.C.2008) (quoting *Smith v. Harvey*, Civil Action No. 06–1117(RWR), 2006 WL 2025026, at *2 (D.D.C. July 17, 2006)); L.Cv.R. 65.1(d).

■ Because interim injunctive relief is an extraordinary form of judicial relief, courts should grant such relief sparingly. Such relief "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Any injunction must be narrowly tailored to remedy the harm shown. *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C.Cir.1990).

## I.  IRREPARABLE HARM

■ An "irreparable harm" is an imminent injury that is both great and likely, and for which legal remedies are inade-

quate. *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C.Cir.1985) (citing *Sampson v. Murray*, 415 U.S. 61, 88, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974)). To show that a future harm is likely, the movant must provide "proof indicating that the harm is certain to occur in the near future. Further, the movant must show that the alleged harm will directly result from the action which the movant seeks to enjoin." *Wisconsin Gas Co.*, 758 F.2d at 674.

■ Here, the plaintiffs have not shown that they will suffer an irreparable harm if the Act goes into effect before it is subject to a public referendum. Although the referendum will become moot if the law becomes effective on March 3, 2010, the plaintiffs have also taken steps to organize a ballot initiative, through which D.C. voters could have an opportunity to overturn the RFMEA even after it becomes effective. Because that ballot initiative does not face the same time constraints as the referendum does, the D.C. courts would have an opportunity to consider the relevant legal questions, which appear to be the same for both the referendum and the ballot initiative, on the merits. Accordingly, any procedural due process right that the plaintiffs might have to a final adjudication on the merits will not be irreparably harmed in the absence of preliminary injunctive relief because they will be able to obtain such a determination as they pursue their ballot initiative.

## II.  LIKELIHOOD OF SUCCESS ON THE MERITS

■ The plaintiffs also cannot demonstrate a likelihood of success on the merits. Plaintiffs cite *Goldberg v. Kelly*, 397 U.S. 254, 262, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), and *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), for the proposition that the Due Process Clause creates a

right to obtain a final ruling from a judicial tribunal, including any appeal, on the merits of a party's claim before the issue becomes mooted. However, procedural due process is satisfied when "an appropriate hearing has been provided at a meaningful time and in a meaningful manner[.]" *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 690 (D.C.Cir.2009). To make this determination, a court considers the private interest that will be affected by the official action, the risk of erroneous deprivation of the interest through the procedures used and the probable value of any additional safeguards, and the government's interest, including the administrative burdens the additional procedure would entail. *See Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Under this standard, the plaintiffs cannot demonstrate that procedural due process is violated by the lack of an adjudication on the merits before their claim is mooted. The process for adjudicating a motion for preliminary injunctive relief reflects a balance of the private interest at stake, the risk of erroneous deprivation, and the administrative burden of additional procedural safeguards. If the plaintiffs' proposition is correct, a court could never deny a motion for preliminary injunctive relief once any showing is made that the plaintiffs would be irreparably harmed before a final adjudication on the merits could take place. However, because the four factors are considered on a sliding scale, a court may deny relief if the plaintiffs do not adequately demonstrate that they are likely to succeed on the merits, that the balance of the equities tips in their favor, or that an injunction is in the public interest. The plaintiffs' procedural due process right to be heard has been satisfied by their filing a motion for preliminary injunctive relief in Superior Court, and their subsequent opportunity to appeal after the Superior Court denied the motion. Accordingly, the parties cannot show that they are likely to succeed on the merits of their procedural due process claim.

## III. BALANCE OF THE EQUITIES

Even though the plaintiffs may be correct that granting preliminary injunctive relief would not substantially harm others because it would only delay implementing the law for a short period of time, this showing, by itself, is not sufficient to overcome the plaintiffs' failure to show irreparable harm or a likelihood of success on the merits.

## IV. PUBLIC INTEREST

The plaintiffs claim that preliminary injunctive relief will serve the public interest by allowing litigants to exercise their right to appeal, which promotes public trust in the judicial system. However, the public interest is also served by allowing courts to adjudicate claims in an efficient manner, an interest which may be undermined if courts may not deny motions for preliminary injunctive relief any time a plaintiff merely makes a showing of irreparable harm. Accordingly, this factor does not weigh strongly in favor of granting preliminary injunctive relief in this case.

## *CONCLUSION AND ORDER*

The plaintiffs have not demonstrated that they will suffer irreparable harm in the absence of preliminary injunctive relief, or that they are likely to succeed on the merits. Accordingly, it is hereby

ORDERED that the plaintiffs' motion for a temporary restraining order be, and hereby is, DENIED.